UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sundaygar Edwards,  Civil No. 06-4330 (JMR/FLN)

    Petitioner,

v.  **REPORT AND RECOMMENDATION**

District Director, Immigration
and Naturalization Service,

    Respondent.

_____

*Pro Se* Petitioner.
Mary Jo Madigan, Assistant United States Attorney, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [#1]. Respondent filed a response in opposition to Petitioner's petition [#11]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that the petition be dismissed as moot.

### I. BACKGROUND

Petitioner is a native and citizen of Liberia who entered the United States as a non-immigrant on September 17, 1992. Petitioner was subsequently convicted of a weapons charge and was ordered removed to Liberia on August 9, 2005. Petitioner filed a petition for a writ of habeas corpus on October 30, 2006, asserting that he was being held beyond his removal period and that his removal to Liberia was not reasonably foreseeable. (Docket Number 1.) On December 12, 2006, Petitioner was released from ICE custody and repatriated to Liberia. (Docket Number 11 Ex. A.)

## II.  DISCUSSION

Article III of the United States Constitution requires federal courts to adjudicate only actual ongoing cases or controversies, and "[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . When an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." *Potter v. Norwest Mortgage, Inc.*, 329 F.3d 608, 611 (8th Cir.2003) (internal citations and quotations omitted).  Once a habeas corpus Petitioner is released from custody, his case becomes moot unless he can show that the issuance of a writ of habeas corpus would still provide the Petitioner with some benefit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

In the present case Petitioner is seeking a writ of habeas corpus to effectuate his release from ICE custody pending his removal from the United States.  As Petitioner was released from ICE custody on December 12, 2006, and repatriated to Liberia, the instant Petition is moot and the Court recommends that the Petition be dismissed with prejudice.

## III.  RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus [#1] be **DISMISSED WITH PREJUDICE**.


DATED: April 20, 2007                              s/ *Franklin L. Noel*
                                                   FRANKLIN L. NOEL
                                                   United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 9, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.